IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ELSA HALL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ETHLYN LOUISE HALL and AS SUCCESSOR TRUSTEE OF THE ETHLYN LOUISE HALL FAMILY TRUST,<br><br>Plaintiff<br><br>vs.<br><br>SAMUEL H. HALL, JR, and HALL & GRIFFITH, P.C.<br><br><br>Defendants. | Civil No. 3:11-CV-54<br><br>Action for Damages and for an Accounting<br><br><br><br>JURY TRIAL DEMANDED |
| SAMUEL H. HALL, JR.,<br><br>Plaintiff<br>vs.<br><br>ELSA HALL,<br><br>Defendant. | Civil No. 3:13-CV-95<br><br>Action for Damages and for an Accounting<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO**

**PLAINTIFF'S TRIAL BRIEF ON SURVIVAL OF ACTIONS**

As the Court correctly noted in *Walters v. Cowpet Bay West Condominium Association, et al.,* Civil No. 2012-24, Memorandum Opinion dated January 2, 2015:

> The general survival statute is found at Section 601 in Title 15 of the Virgin Islands Code ("Section 601"). It expressly carves out two exceptions to it by stating it is subject to the provisions of sections 76 and 77 of Title 5.
>
> Examination of Section 601 reveals that, to date, there are still only two exceptions to the general survival statute. Section 601 provides in pertinent part:

> *Subject to the provisions of sections 76 and 77 of Title 5,* causes of action by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. [Emphasis added].

The plain meaning of these two statutes is that Section 76 and 77 of Title 5 limit the general survival statute, with Section 76 having to do with wrongful death actions and 77 having to do with personal injury claims.[1] The limiting quality of the two exceptions, preceded by "Subject to" in Section 601 means that they allow only what is expressly provided, otherwise Section 601 would begin "In addition to Sections 76 and 77" instead of "Subject to."

Thus, in accordance with the plain meaning of Sections 76 and 77 there is no exception in the general survival statute for non-personal injury torts or restitutionary claims. That is the clear inference of Section 601 when read together with Section 77 and 76. The Virgin Islands Legislature, by adding the words "Subject to" in Section 601, meant that Section 601 and Sections 76 and 77 defines the universe with respect to the survivability of claims. Any reference to the common law or to the Restatement is misplaced where the statutes are clear and unambiguous. As such, Sections 76, 77 and Section 601 should be read together and should be accorded their plain meaning, which is that Section 601 is a general survival statute limited by Sections 76 and 77 with respect to tort claims. In other words, no other tort claims survive the death of the claimant. *General Engineering Corp. v. Virgin Islands Water and Power Authority,* 21 V.I. 436 (D.V.I. 1985). All provisions upon a subject are to be harmonized and read together

---

[1] Section 77, provides in pertinent part that,

> [a] thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action.

2

so as to effectuate their purpose. *Port Construction Company v. Government of the Virgin Islands,* 5 V.I. 549, 359 F.2d 663 (3d Cir. 1966). A court may construe a statute only where there is doubt or uncertainty as to the legislative intent. *Archer v. Ramsay Motors, Inc.* 21 V.I. 446 (T.Ct. 1985). A statute's plain meaning can only be overridden by a showing of clear, contrary legislative intent. *Charles v. Charles,* 788 F.2d 960 (3d Cir. 1986). Here, where the statutes are plain and ambiguous and can be harmonized together, they should be accorded their plain meaning, which is to create only two limited exceptions to the general statute.

In 2013, Defendants filed a motion to dismiss concerning the tort claims in this case, which has now proved to be prophetic:

> It is easy to understand why [the] tort claims do not survive the death of the claimant. Typically, they rely on the sworn testimony of the claimant for their proof as well as for their defeat. In this case, the claims of breach of a fiduciary duty (Count I), legal malpractice (Count II) and fraud (Count III) are claims which are dependent in large part upon the existence of the claimant and her sworn testimony for their proof. Equally important, their defeat is also dependent in material respect on the survival and testimony of the claimant, Ethlyn Hall, who, upon her passing, is not available to be cross-examined or to have her recollection refreshed. This is especially important in this case where Ethlyn Hall, at age 94, did not recall signing two powers of attorney, the first of which was signed by her in August 2007 and witnessed by two individuals who have provided affidavits on file with the Court *(Doc. No. 9-1)* that she signed it, and the second was witnessed in August 2008 by two different witnesses and it was notarized. *Doc. No. 9-1.* It is also especially significant that the claimants' whereabouts were hidden from Defendant Hall and Yassin Hall by Elsa Hall prior to the filing of the initial complaint in May 2011 and up to and until her death in May 2012. When she was located in Miami in October 2011 by private investigators hired by Defendant Hall, Elsa Hall refused admittance to the apartment of Ethlyn Hall in order for Yassin Hall, her granddaughter, to see her. Under these circumstances, no tort claim should survive.

*DE #38 at 3-4.* Absent contact with her son, Ethlyn Hall did not remember signing two powers of attorney authorizing a new lease or lease extension, each witnessed by at least two witnesses. *Andrew Simpson Deposition at 43-47*

Discovery has borne out this prophesy. The significance of the absence of testimony from Ethlyn Hall has been addressed in Defendants' summary judgment motions seeking dismissal of all tort claims. Furthermore, even if Sections 601 and 77 were to allow their survival, Defendants assert that restitutionary claims should not be allowed to survive where the Defendants have been denied their constitutional right to confront their alleged accuser or to avail themselves of her assistance in their defense as a result of the unclean hands of Elsa Hall. This is especially true where, as here *(DE # 32 at paragraph 63),* Plaintiff seeks punitive damages. Claims for punitive damages do not survive the death of Ethlyn Hall. *Restatement Second of Torts Section 926.*

DATED: January 11, 2015   Respectfully Submitted:

*s/Marie E. Thomas Griffith*
Marie E. ThomasGriffith
HALL & GRIFFITH, P.C.
Post Office Box 305587
St. Thomas, U.S. Virgin Islands 00803-5587
Tel: (340) 715-2945
Fax: (340) 776-8416
Email: marie@hallgriffith.com

4

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that on January 11, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing (NEF) to the following:

Robert L. King, Esq.
Law Offices of Robert L. King
The Law Center
1212 Bjerge Gade
P.O. Box 9768
St. Thomas, V.I.  00801
rlking@attyking.com
Counsel for Samuel H. Hall Jr. and Hall & Griffith PC

Andrew Simpson, Esq.
Emily Shoup, Esq.
Law Offices of Andrew Simpson, P.C.
2191 Church Street, St. 5
Christiansted, St. Croix
U.S. Virgin Islands  00820
asimpson@coralbrief.com
eshoup@coralbrief.com
Counsel for Plaintiff, Elsa Hall, as Personal Representative Of The Estate Of Ethlyn Louise Hall And As Successor Trustee Of The Ethlyn Louise Hall Family Trust

Carl A. Beckstedt III, Esq.
2162 Church Street
Christiansted, St. Croix
U.S. Virgin Islands  00820
carl@beckstedtlaw.com
Counsel for Elsa Hall, Individually

*s/ Marie E. ThomasGriffith*
Marie E. ThomasGriffith