```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

ELSA HALL as PERSONAL            )
REPRESENTATIVE of the ESTATE OF  )
ETHLYN LOUIS HALL, and ELSA Hall )
as TRUSTEE of the ETHLYN LOUISE  )
HALL FAMILY TRUST,               )    Civil No. 2011-54
                                 )
            Plaintiff,           )
                                 )
            v.                   )
                                 )
SAMUEL H. HALL, Jr. and HALL &   )
GRIFFITH, P.C.,                  )
                                 )
            Defendants.          )
                                 )
                                 )
SAMUEL H. HALL, Jr.,             )
                                 )
            Plaintiff,           )    Civil No. 2013-95
                                 )
            v.                   )
                                 )
ELSA HALL,                       )
                                 )
            Defendant.           )
                                 )

**ATTORNEYS:**

**Andrew C. Simpson, Esq.**
**Emily A. Shoup, Esq.**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
   *For Elsa Emily Hall in her representative capacity and as trustee.*

**Carl A. Beckstedt, III, Esq.**
Beckstedt and Associate
St. Thomas, U.S.V.I.
   *For Elsa Emily Hall in her personal capacity.*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Memorandum Opinion
Page 2

*For Samuel Hall and Hall and Griffith, PC.*

**Marie E. Thomas-Griffith, Esq.**
Hall & Griffith, P.C., PC.
St. Thomas, U.S.V.I.
   *For Samuel Hall and Hall and Griffith, PC.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Elsa Hall for judgment as a matter of law.

On October 1, 2013, Samuel Hall filed a complaint against his sister, Elsa Hall, in Civil No. 2013-95. On December 16, 2013, Samuel Hall filed an amended complaint. The amended complaint alleged an intentional infliction of emotional distress ("IIED") claim against Elsa Hall. The IIED claim arose out of Elsa Hall's alleged interference with the relationship between Samuel Hall and his mother, Ethyln Hall. Specifically, Samuel Hall alleged that "Elsa Hall . . . ha[s] acted willfully, wrongfully and maliciously to secret [sic] away, confine, and remove from the Virgin Islands, the person of Ethlyn Hall for the purpose of alienating her from Samuel Hall, denying him . . .

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Memorandum Opinion
Page 3

. access to [his] mother . . . and otherwise to hold [Ethlyn Hall] under [Elsa Hall's] dominion and control all to the detriment of Samuel Hall." ECF No. 8, at ¶ 213.

On January 12, 2015, this matter proceeded to trial. The jury found in favor of Samuel Hall on his IIED claim. Thereafter, Elsa Hall filed a motion for judgment as a matter of law and for a new trial. Elsa Hall argued that tortious interference with the parent-child relationship is not actionable under Virgin Islands law and actions constituting that tort cannot form the basis of an IIED claim.

In considering Elsa Hall's motion, this Court first observed that,

> when protection of an identified emotional interest is removed from tort liability, claims for infliction of emotional harm . . . are unavailable for conduct that would have infringed that interest. For example, the torts of criminal conversation and alienation of affection protected a spouse's specific interest in his or her partner's remaining monogamous and a more general interest in family harmony. In jurisdictions that have abolished those torts, an actor is not subject to liability . . . for conduct that would have subjected the actor to liability under those torts. However, if the actor's conduct goes beyond that comprising the abolished tort, the actor may be subject to liability.

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Memorandum Opinion
Page 4

*Hall v. Hall*, No. CV 2011-54, 2016 WL 8650484, at *4 (D.V.I. Mar. 30, 2016) (quoting Restatement (Third) of Torts: Phys. & Emot. Harm § 47 cmt. o (2012)).

The Court held that the Virgin Islands Supreme Court would not recognize a tort for alienation of a parent's affection where one "entice[s]" a parent to leave their child. *Id.* at *6-7. Accordingly, conduct that would constitute that tort was not actionable as a claim for intentional infliction of emotional harm. *Id.* The Court also held that the Virgin Islands Supreme Court would recognize a tort where one "abducts" or "by similar intentional action compels a [parent] to be asunder from [their child]." *Id.* at *7 (quoting Restatement (Second) of Torts § 684(1) (1977)). Accordingly, such conduct was actionable as a claim for intentional infliction of emotional harm. *Id.* Thus, the Court held that "the intentional infliction of emotional distress claim is partially barred." *Id.* at *8.

After reviewing the evidence presented during trial, the Court found it "clear that the jury could have reached its verdict relying on the barred conduct, the unbarred conduct, or both." *Id.* at *8 n.5. Moreover, "neither the Court's instructions nor the verdict allow[ed] the Court to determine whether the jury's verdict was reached on unbarred conduct." *Id.*

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Memorandum Opinion
Page 5

at *8. Accordingly, in a March 30, 2016, order, the Court granted Elsa Hall's motion for a new trial. *Id.*

On April 4, 2017, and April 5, 2017, Samuel Hall's IIED claim was retried before a jury. The IIED allegations and related jury instructions were cabined to ensure the jury was not to consider the IIED claim insofar as it claimed injury from "conduct that results in the mere loss of a parent's consortium, that is love, companionship, society, guidance, comfort, et cetera." *See* Trial Tr., ECF No. , Exh. 2 at 257:1-3. At the conclusion of the trial, the jury again found in favor of Samuel Hall on his IIED claim.

Thereafter, Elsa Hall moved for judgment as a matter of law. Elsa Hall raises several arguments. Among them, Elsa Hall continues to argue that the Supreme Court of the Virgin Islands would not recognize a cause of action "arising from an adult child abducting her mother or forcing her away from another adult child." *See* ECF No. 408 at 1 n.1

The Court believes that this question "is most appropriately resolved by seeking the guidance of the Virgin Islands Supreme Court on the underlying controlling issue under Virgin Islands law." *See Banks v. Int'l Rental & Leasing Corp.*, No. 08-1603, 2011 WL 7186340, at *3 (3d Cir. Apr. 19, 2011),

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Memorandum Opinion
Page 6

*certified question answered,* No. CIV. 2011-0037, 2011 WL 6299025 (V.I. Dec. 15, 2011). Virgin Islands Supreme Court Rule 38 ("Rule 38") "establishe[s] a procedure for federal courts to request that [the Virgin Islands Supreme Court] answer a question of Virgin Islands law in cases 'in which it appears there is no controlling precedent in the decisions of the Supreme Court.'" *Bryan v. Fawkes*, 61 V.I. 416, 454 (2014) (quoting V.I.S. Ct. R. 38(a)). Rule 38 provides that

> A certification order shall set forth: (1) The questions of law to be answered; (2) A statement of all facts relevant to the questions certified; (3) The nature of the controversy in which the questions arose; and (4) A designation of the party or parties who will be the appellant(s), i.e. the party holding the affirmative, in the appellate court.

V.I.S. Ct. R. 38(d).

The premises considered, it is hereby

**ORDERED** that the following questions of law are certified to the Supreme Court of the Virgin Islands: (1) Whether, under Virgin Islands law, a viable claim exists for alienation of a parent's affection where one entices a parent to leave their child; and (2) if not, whether, under Virgin Islands law, a viable claim exists for a tort where one abducts or by similar

*Elsa Hall v. Samuel Hall*
Civil No. 2011-54
*Samuel Hall v. Elsa Hall*
Civil No. 2013-95
Memorandum Opinion
Page 7

intentional action compels a parent to be asunder from their child; it is further

**ORDERED** that Elsa Hall is designated as the appellant; and it is further

**ORDERED** that, pursuant to Rule 38(d), the Clerk of Court shall cause this order to be forwarded to the Supreme Court of the Virgin Islands under the official seal of this Court.

S\_____
**Curtis V. Gómez
District Judge**